**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Jesus SAUCEDO, Defendant-Appellant.**
**No. 14809.**

United States Court of Appeals
Seventh Circuit.

May 17, 1965.

Bernard Bradley, Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, John Powers Crowley, Raymond F. Zvetina, Lawrence Jay Weiner, Asst. U. S. Attys., Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, and KNOCH and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

Defendant Jesus Saucedo was charged in a four-count indictment with selling heroin in violation of the federal statutes. The district court, sitting without a jury, found him guilty of the first three counts and sentenced him to prison. The Government's evidence consisted of the testimony of two law enforcement officers. Defendant offered no evidence. On this appeal he raises for the first time the defense of entrapment. He also claims that he was deprived of a fair and impartial trial.

The evidence showed the following. On December 28, 1962, defendant was tending bar in a tavern in Chicago.

Patrolman Hernandez of the Chicago Police Department, known to defendant as "Nelson," entered into a conversation with him. Defendant told Nelson that he wanted to talk with "Frankie" (the undercover name of Federal Bureau of Narcotics' Agent Halpin). When asked why, defendant said he wondered whether Frankie would buy a "big load of stuff" if Saucedo went to Mexico and brought it back. After receiving a call from Hernandez, Halpin came to the tavern and the three men engaged in a conversation. Defendant asked "Frankie" if the latter would be ready to buy narcotics which the former could obtain by going to Mexico. On January 3, 1963, Agent Halpin and Patrolman Hernandez returned to the tavern. They joined defendant in the men's room where he sold them ten aluminum foil packages containing a powder later determined to be heroin.

Defendant claims that these facts show, as a matter of law, that he was entrapped into the commission of the crime. We do not agree. In determining whether entrapment has been established, the courts distinguish between "the trap for the unwary innocent and the trap for the unwary criminal." Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958). The evidence here indicates that defendant was not an innocent person induced to commit a crime which was the product of the creative activity of law enforcement officials. Rather, he was a person with a criminal predisposition who was merely afforded the opportunity for the commission of the offense. In the light of the uncontroverted evidence, we must hold that defendant was not a victim of entrapment. A contrary holding would contravene the rule stated by this court in United States v. Millpax, Inc., 313 F.2d 152 (7th Cir. 1963), cert. denied, 373 U.S. 903, 83 S.Ct. 1291, 10 L.Ed.2d 198 (1963). "Entrapment as a matter of law is established only where undisputed testimony makes it patently clear that an otherwise innocent person was induced to commit the act complained of by the trickery, persuasion, or fraud of a government agent."

Defendant also contends that he has been deprived of a fair trial. The only specific complaint he makes is to argue that he did not speak English and that some of the conversations between Agent Halpin and Patrolman Hernandez were in that language. It appears, however, that defendant understood English since the conversations in which he engaged when both agents were present were conducted in English. Consequently, we cannot perceive how he was prejudiced.

The judgment is affirmed.